

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-24-00186-CR

___

ANGELA L. POTEET, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 6595, Honorable Dale A. Rabe, Jr., Presiding

___

May 16, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Angela Poteet appealed her felony conviction for possessing a controlled substance with intent to deliver. Though acknowledging the evidence was legally sufficient to support her conviction, she argues it was factually insufficient to do so. We affirm.

### Background

In January 2020, Officer Kincaid was patrolling near Scott Lake in Childress, Texas. It was nearing 10 p.m. when he saw two vehicles parked off the roadway and on the grass by the water. As he approached, one of the people (appellant) entered her

vehicle, attempting to leave. The officer then activated the emergency lights on his squad car and stopped appellant.

As Kincaid approached, he observed appellant engaging in movements around the center console of her truck. Soon thereafter, she opened the vehicle door, at which time the officer noted the smell of marijuana. That led him to search the vehicle, which, according to appellant, was borrowed from a third party. His search revealed a black pouch containing a large bag of a substance analyzed to be methamphetamine, digital scales, and $28 near the other items.

Appellant was placed in the police unit while the officer approached the other person present with her (Jones). At that point, Kincaid spied on the ground near where the two had stood a small baggie. It too contained a substance the officer thought to be methamphetamine. By that time, another officer appeared at the scene and discovered a small pink straw near where the small baggie had lain. Another piece of pink straw, along with multiple baggies, was found in the pockets of the earlier discovered black pouch. The officers then found a third piece of pink straw in appellant's wallet.

Appellant initially denied knowledge of the discovered substances, though she admitting to knowing of the black pouch. Allegedly, she found the pouch in the drawers of several tables lying in the bed of the truck, which tables she had removed from a dumpster. Rather than open the pouch, she purportedly placed it in the truck. As for her wallet with a piece of pink straw, it too was found along with or by the black pouch, according to appellant. And, upon finding it, she decided to place her identification in it. When told by an officer "that the narcotics were in her vehicle, in her possession" she ultimately replied "'I take the blame for it, I guess.'"

2

*Analysis*

As previously mentioned, appellant contends the evidence is factually insufficient to illustrate she possessed the controlled substances discovered by the officers with the intent to deliver. We overrule the issue.

Reviewing the evidence for its factual sufficiency to support conviction was rejected by the Court of Criminal Appeals in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). The only applicable standard applied in determining the sufficiency of the evidence is that set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks*, 323 S.W.3d at 912. Furthermore, the review prescribed by *Jackson* is one of legal sufficiency. *See id.* at 902 (so describing the *Jackson v. Virginia* standard). Thus, we eschew appellant's invitation to determine if factually sufficient evidence supports the conviction at bar. And, because appellant not only described the *Jackson* standard in her brief and conceded "the evidence is legally sufficient" nothing remains for our review.[1]

We affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Do not publish.

---

[1] Our *sua sponte* analysis of the evidentiary record supports appellant's concession. When construing that evidence "in the light most favorable to the verdict," a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See Joe v. State*, 663 S.W.3d 728, 731-32 (Tex. Crim. App. 2022) (so describing the *Jackson* test). Appellant's exercise of control over the pouch containing the controlled substance, the presence of multiple baggies in the pouch, the discovery of a baggie containing the methamphetamine on the ground near where appellant and Jones stood, the discovery of pink straws on the ground by where appellant and Jones stood, the presence of same in the pouch and in appellant's wallet, the discovery of scales in the pouch, and appellant's utterance about taking the blame for the drugs, permitted that fact finder to reasonably infer she knowingly possessed the methamphetamine with intent to deliver.